**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**ALTADIS USA, INC.,** individually
and for the use and benefit of
**GULF LIFE INSURANCE CO.,**

    Plaintiffs,

    v.                                                              CASE NO. 3:02-cv-660-J-16MCR

**NPR, INC.,** doing business as **NAVIERAS DE
PUERTO RICO; B-RIGHT INTERMODAL
TRANSPORT, INC.; B-RIGHT TRUCKING, INC.;
KEY BANK, N.A.; NATIONAL UNION INSURANCE
COMPANY OF PITTSBURGH,**

    Defendants.
_____/

**O R D E R**

Before the Court are two motions filed by the Plaintiffs, Altadis USA, Inc. and Gulf Insurance Company (collectively referred to as "Altadis"): a Motion to Dismiss the Crossclaim of B-Right Intermodal Transport Against NPR and for Entry of Default Judgment Against B-Right Intermodal Transport, Inc. And B-Right Trucking, Inc. in Favor of NPR (Dkt. 245), and a Motion to Dismiss Crossclaim of National Union Insurance Company Against B-Right Intermodal Transport, Inc. and B-Right Trucking, Inc. (Dkt. 246). The two B-Right companies are hereinafter collectively referred to as "B-Right." National Union Insurance Company of Pittsburgh ("National") has filed two separate but similar oppositions to Altadis' motions (Dkts. 247 & 248).

This case has been closed since February 2005, and Altadis filed a Notice of Appeal (Dkt. 235) to the Eleventh Circuit Court of Appeals on March 8, 2005. Nonetheless, although the parties have not sought to resolve any potentially outstanding claims, the Eleventh Circuit dismissed Altadis' appeal for want of jurisdiction (Dkt. 244), finding that this Court's final judgment is not actually final and appealable. The Eleventh Circuit found three outstanding claims that it stated remain unresolved: (1)

B-Right's cross-claim against Defendant NPR (Dkt. 7); (2) NPR's cross-claim against B-Right (Dkt. 63); and (3) National's cross-claim against B-Right (Dkt. 66).  Notably, however, prior to the cross-claims filed by NPR and National, the Court granted B-Right's attorneys' motion to withdraw and ordered B-Right to employ new counsel (Dkt. 51).  There is no indication on the record that B-Right has ever employed new counsel or made any further appearance in this case.  The remaining parties have consistently indicated that B-Right is insolvent, although no suggestion of bankruptcy appears on the record.

The Clerk of Court has entered defaults in favor of both Altadis and NPR and against B-Right (Dkts. 89 & 90).  The Court entered a Judgment (Dkt. 131) in favor Altadis and its insurer on July 29, 2004, but did not enter judgment in favor of NPR, as no motion to that effect was ever filed by NPR. Moreover, the Judgment did not reference Altadis' claims against NPR, nor did it reference any of the claims cited by the Eleventh Circuit.  Subsequently, Altadis settled its claims with NPR (Dkt. 148), and Altadis has stated that NPR agreed to assign any of its remaining rights and claims to Altadis as part of the settlement agreement.

Pursuant to that purported assignment, Altadis now moves for a default judgment against B-Right as to the cross-claim filed by NPR, in the amount of the $299,900 paid by NPR to Altadis in settlement.  Altadis also seeks prejudgment interest through June 7, 2005 in the amount of $7,497.50, and thereafter at the prime rate of 5 percent ($41 per day) until judgment is entered.  Altadis also seeks to have B-Right's cross-claim against NPR dismissed, essentially for lack of prosecution under Local Rule 3.10, Rules of the Middle District of Florida, and to have National's cross-claim against B-Right dismissed, purportedly for lack of service of process under Rules 5(a) and 4(m), Federal Rules of Civil Procedure.  In short, Altadis is seeking to resolve the three remaining claims through judgment and

dismissal in order to proceed with its appeal, as necessary under Rule 54, Federal Rules of Civil Procedure.

National responds and the Court agrees, however, the Altadis' motions are both irregular and unnecessary for Altadis to appeal the Final Judgment (Dkt. 228). This case has been closed for months and the time for discovery and any post-judgment motions has long since elapsed. Instead, as National correctly points out, a final judgment for "fewer than all the claims or parties" can be entered under Rule 54(b), as long as the Court specifically states that there is no reason for delay in the entry of judgment. See Fed. R. Civ. P. 54(b); Beluga Holding Ltd. v. Commerce Capital Corp., 212 F.3d 1199 (11th Cir. 2000); Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983); 28 U.S.C. §1291. This final judgment would then be appealable, as the Eleventh Circuit specifically intimated in its Order dismissing Altadis' appeal for want of jurisdiction.

The Court also agrees with National that Altadis has not established that it is entitled to the entry of a default judgment on behalf of NPR. There is no evidence that Altadis has obtained a valid assignment of NPR's claims under Florida law, and as such the Court cannot simply enter judgment for Altadis as NPR's purported assignee. See, e.g., Simon v. Shearson Lehman Bros., 895 F.2d 1304 (11th Cir. 1990). Moreover, National correctly points out that like other outstanding claims, it is not necessary to enter another default judgment against B-Right in order for Altadis to appeal the Final Judgment under Rule 54(b).

Accordingly, upon due consideration, Altadis' Motion to Dismiss the Crossclaim of B-Right and for Entry of Default Judgment Against B-Right (Dkt. 245) and Motion to Dismiss Crossclaim of National (Dkt. 246) are **DENIED.** The Clerk of Court is hereby **ORDERED** to amend the Final Judgment (Dkt. 228) as follows:

3

1.  The Clerk is **DIRECTED** to enter judgment in favor of National Union Insurance Company of Pittsburgh and against the Plaintiffs, Altadis USA, Inc. and Gulf Insurance Company, as well as co-Defendant NPR, Inc.  The Clerk is further directed to enter judgment in favor of Key Bank. N.A. against the Plaintiffs, Altadis USA, Inc. and Gulf Insurance Company.

2.  The Clerk is further **DIRECTED** to include the express certification in the amended Final Judgment, pursuant to Rule 54(b), Federal Rules of Civil Procedure, "that there is no just reason for delay" in the entry of a Final Judgment as to fewer than all of the claims or parties.

**DONE AND ORDERED** in Chambers at Jacksonville, Florida this 28th day of June, 2005.

JOHN H. MOORE II
United States District Judge

**Copies to:** Counsel of Record